27.    Subsequently, on or about February 9, 2007, MSMCI notified Fremont in writing that there was a breach of, *inter alia*, Subsection 9.02 (k) with respect to additional mortgage loans and that such breach materially and adversely affected the value of the mortgage loans or the interest of MSMCI therein. MSMCI demanded that Fremont cure the breaches or promptly repurchase the mortgage loans.

28.    On or about March 26, 2007 and March 27, 2007, MSMCI notified Fremont in writing that there was a breach of, *inter alia*, Subsection 9.02 (a) and (k) with respect to additional mortgage loans and that such breach materially and adversely affected the value of the mortgage loans or the interest of MSMCI therein. MSMCI demanded that Fremont cure the breaches or promptly repurchase the mortgage loans.

29.    On or about June 27, 2007, MSMCI notified Fremont in writing that there was a breach of, *inter alia*, Subsection 9.02 (k) with respect to additional mortgage loans and that such breach materially and adversely affected the value of the mortgage loans or the interest of MSMCI therein. MSMCI demanded that Fremont cure the breaches or promptly repurchase the mortgage loans.

30.    Finally, on or about July 13, 2007 and July 31, 2007, MSMCI notified Fremont in writing that there was a breach of, *inter alia*, Subsection 9.02 (a), (k) and (w) with respect to certain identified mortgage loans and that such breach materially and adversely affected the value of the mortgage loans or the interest of MSMCI therein. MSMCI demanded that Fremont cure the breaches or promptly repurchase the mortgage loans.

13

31.    Despite its obligations under the First MLPA, Fremont has neither cured the breaches nor repurchased those mortgage loans, each of which is identified in Exhibit F, nor has Fremont indemnified MSMCI for its losses resulting from the breaches.

## DEFENDANT BREACHES THE THIRD AMENDED AND RESTATED MORTGAGE LOAN PURCHASE AND WARRANTIES AGREEMENT, DECEMBER 18, 2006

32.    On or about December 21, 2006 and December 28, 2006, MSMCI purchased from Fremont a package of loans pursuant to the Third MLPA.

33.    On or about July 11, 2007, MSMCI notified Fremont in writing that there was a breach of, *inter alia*, Subsection 9.02 (c) with respect to certain identified mortgage loans and that such breach materially and adversely affected the value of the mortgage loans or the interest of MSMCI therein.  MSMCI demanded that Fremont cure the breaches or promptly repurchase the mortgage loans.

34.    MSMCI discovered further breaches of the Third MLPA with respect to additional mortgage loans and that such breach materially and adversely affected the value of the mortgage loans or the interest of MSMCI therein.  On or about July 25, 2007, MSMCI notified Fremont in writing that there was a breach of, *inter alia*, Subsection 9.02 (c) with respect to these additional mortgage loans and that such breach materially and adversely affected the value of the mortgage loans or the interest of MSMCI therein.  MSMCI demanded that Fremont cure the breaches or promptly repurchase the mortgage loans.

35.    Despite its obligations under the Third MLPA, Fremont has neither cured the breaches nor repurchased those mortgage loans, each of which is identified in Exhibit F, nor has Fremont indemnified MSMCI for its losses resulting from the breaches.

14

**DEFENDANT BREACHES THE LETTER AGREEMENT, DECEMBER 21, 2006**

36.     On or about December 21, 2006, MSMCI purchased another package of loans pursuant to the Third MLPA, as supplemented and modified by the Letter Agreement.

37.     On or about August 3, 2007, MSMCI advised Fremont in writing that there was a breach of the Letter Agreement with respect to certain identified mortgage loans and that such breach materially and adversely affected the value of the mortgage loans or the interest of MSMCI therein. MSMCI demanded that Fremont cure the breach or promptly repurchase the mortgage loans pursuant to the applicable agreements.

38.     Despite its obligations under the Letter Agreement, Fremont has neither cured the breaches nor repurchased those mortgage loans, each of which is identified in Exhibit F, nor has Fremont indemnified MSMCI for its losses resulting from the breaches.

**COUNT 1**
**BREACH OF CONTRACT**
**(Mortgage Loan Purchase and Warranties Agreement, May 1, 2005)**

39.     Plaintiff repeats, realleges, and incorporates by reference herein the entirety of the allegations contained in paragraphs 1 through 38, *supra*.

40.     As alleged above, Plaintiff and Defendant are parties to the MLPA.

41.     Plaintiff has fully performed all of its obligations and satisfied all conditions precedent required of it under the MLPA.

42.     Defendant has materially breached the MLPA by failing either to cure or repurchase the mortgage loans described herein as it was contractually obligated to do.

43.     Plaintiff has been directly and proximately damaged by Fremont's material breach of the MLPA in an amount to be determined at trial.

**COUNT II**
**BREACH OF CONTRACT**
**(First Amended and Restated Mortgage Loan Purchase**
**and Warranties Agreement, August 1, 2005)**

44.     Plaintiff repeats, realleges, and incorporates by reference herein the entirety of the allegations contained in paragraphs 1 through 43, *supra*.

45.     As alleged above, Plaintiff and Defendant are parties to the First MLPA.

46.     Plaintiff has fully performed all of its obligations and satisfied all conditions precedent required of it under the First MLPA.

47.     Defendant has materially breached the First MLPA by failing either to cure or repurchase the mortgage loans described herein as it was contractually obligated to do.

48.     Plaintiff has been directly and proximately damaged by Fremont's material breach of the First MLPA in an amount to be determined at trial.

**COUNT III**
**BREACH OF CONTRACT**
**(Third Amended and Restated Mortgage Loan Purchase and Warranties**
**Agreement, December 18, 2006)**

49.     Plaintiff repeats, realleges, and incorporates by reference herein the entirety of the allegations contained in paragraphs 1 through 48, *supra*.

50.     As alleged above, Plaintiff and Defendant are parties to the Third MLPA.

51.     Plaintiff has fully performed all of its obligations and satisfied all conditions precedent required of it under the Third MLPA.

16

52.    Defendant has materially breached the Third MLPA by failing either to cure or repurchase the mortgage loans described herein as it was contractually obligated to do.

53.    Plaintiff has been directly and proximately damaged by Fremont's material breach of the Third MLPA in an amount to be determined at trial.

**COUNT IV**
**BREACH OF CONTRACT**
**(Letter Agreement, December 21, 2006)**

54.    Plaintiff repeats, realleges, and incorporates by reference herein the entirety of the allegations contained in paragraphs 1 through 53, *supra*.

55.    As alleged above, Plaintiff and Defendant are parties to the Letter Agreement.

56.    Plaintiff has fully performed all of its obligations and satisfied all conditions precedent required of it under the Letter Agreement.

57.    Defendant has materially breached the Letter Agreement by failing either to cure or repurchase the mortgage loans described herein as it was contractually obligated to do.

58.    Plaintiff has been directly and proximately damaged by Fremont's material breach of the Letter Agreement in an amount to be determined at trial.

**COUNT V**
**INDEMNIFICATION**
**(Mortgage Loan Purchase and Warranties Agreement, May 1, 2005)**

59.    Plaintiff repeats, realleges, and incorporates by reference herein the entirety of the allegations contained in paragraphs 1 through 58, *supra*.

17

60.     Subsection 9.03 of the MLPA requires Fremont to indemnify MSMCI against any losses, damages, penalties, fines, forfeitures, legal fees and expenses and related costs, judgments, and other costs and expenses resulting from any claim, demand, defense or assertion based on or grounded upon, or resulting from a breach of any representation or warranty contained in the MLPA.

61.     MSMCI has incurred losses and expenses in connection with the breaches of the representations and warranties contained in the MLPA, including but not limited to costs relating to foreclosure expenses with respect to certain of the mortgage loans.

62.     MSMCI remains exposed to further loss and expense in connection with the breaches of the representations and warranties contained in the MLPA because of Fremont's failure or refusal to meet its obligation to cure or repurchase the mortgage loans and to indemnify MSMCI under the MLPA.

63.     MSMCI has been damaged by Fremont's conduct in an amount to be determined at trial.

### COUNT VI
### INDEMNIFICATION
**(First Amended and Restated Mortgage Loan Purchase**
**and Warranties Agreement, August 1, 2005)**

64.     Plaintiff repeats, realleges, and incorporates by reference herein the entirety of the allegations contained in paragraphs 1 through 63, *supra*.

65.     Subsection 9.03 of the First MLPA requires Fremont to indemnify MSMCI against any losses, damages, penalties, fines, forfeitures, legal fees and expenses and related costs, judgments, and other costs and expenses resulting from any claim, demand, defense or

18

assertion based on or grounded upon, or resulting from a breach of any representation or warranty contained in the First MLPA.

66.    MSMCI has incurred losses and expenses in connection with the breaches of the representations and warranties contained in the First MLPA, including but not limited to costs relating to foreclosure expenses with respect to certain of the mortgage loans.

67.    MSMCI remains exposed to further loss and expense in connection with the breaches of the representations and warranties contained in the First MLPA because of Fremont's failure or refusal to meet its obligation to cure or repurchase the mortgage loans and to indemnify MSMCI under the Purchase Agreements.

68.    MSMCI has been damaged by Fremont's conduct in an amount to be determined at trial.

## COUNT VII
## INDEMNIFICATION
### (Third Amended and Restated Mortgage Loan Purchase and Warranties Agreement, December 18, 2006)

69.    Plaintiff repeats, realleges, and incorporates by reference herein the entirety of the allegations contained in paragraphs 1 through 68, *supra*.

70.    Subsection 9.03 of the Third MLPA requires Fremont to indemnify MSMCI against any losses, damages, penalties, fines, forfeitures, legal fees and expenses and related costs, judgments, and other costs and expenses resulting from any claim, demand, defense or assertion based on or grounded upon, or resulting from a breach of any representation or warranty contained in the Third MLPA.

19

71.   MSMCI has incurred losses and expenses in connection with the breaches of the representations and warranties contained in the Third MLPA, including but not limited to costs relating to foreclosure expenses with respect to certain of the mortgage loans.

72.   MSMCI remains exposed to further loss and expense in connection with the breaches of the representations and warranties contained in the Third MLPA because of Fremont's failure or refusal to meet its obligation to cure or repurchase the mortgage loans and to indemnify MSMCI under the Purchase Agreements.

73.   MSMCI has been damaged by Fremont's conduct in an amount to be determined at trial.

**COUNT VIII**
**INDEMNIFICATION**
**(Letter Agreement, December 21, 2006)**

74.   Plaintiff repeats, realleges, and incorporates by reference herein the entirety of the allegations contained in paragraphs 1 through 73, *supra*.

75.   In entering into the Letter Agreement, Fremont represented that it either (i) requested or will request the related mortgagor to obtain adequate hazard insurance coverage or (ii) has force-placed or will force-place adequate hazard insurance coverage.  *See* Letter Agreement at ¶ 2.

76.   Fremont agreed that it would be liable for the cost of force-placing a new hazard insurance policy or the coverage of any underinsurance.  *Id.* at ¶ 4.  The Letter Agreement also provided that MSMCI could withhold its request to direct Fremont to repurchase any loan that was not cured pursuant to the terms of the Third MLPA.  *Id.* at ¶ 6.  In such case, in the event the

Successor Servicer is directed to obtain a new hazard insurance policy, Fremont remained liable under the terms of the Letter Agreement for any applicable lack of coverage or underinsurance with respect to any deficient mortgage loan. *Id.*

77.    Defendant has materially breached the Letter Agreement by failing either to cure or repurchase the mortgage loans described herein and by failing to indemnify MSMCI for its losses as it was contractually obligated to do.

78.    MSMCI has incurred losses and expenses in connection with the breach of the Letter Agreement, including, but not limited to, costs relating to the forced-placement of a new hazard insurance policy or any applicable lack of coverage or underinsurance.

79.    MSMCI remains exposed to further loss and expense in connection with the breach of the Letter Agreement because of Fremont's failure or refusal to meet its obligation to cure or repurchase the mortgage loans and to indemnify MSMCI under the terms of the Letter Agreement.

80.    MSMCI has been damaged by Fremont's conduct in an amount to be determined at trial.

21

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against the Defendant on all Counts as follows:

(a)    Awarding Plaintiff compensatory damages in an amount to be determined at trial, but not less than $10 million, together with interest, attorneys fees, costs, and disbursements incurred in this action; and

(b)    Granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 23, 2007

GREENBERG TRAURIG LLP

By: _____

Richard A. Edlin (RE-1998)
Ann C. Turetsky (AT-1997)
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

*Attorneys for Plaintiff*