

**PATTON BOGGS** LLP
ATTORNEYS AT LAW



DEC 14 2007

1875 Broadway
31st Floor
New York, NY 10019-5820
646-557-5100

December 13, 2007

Bryan L. Berson
bberson@pattonboggs.com

**VIA HAND DELIVERY**
Honorable Richard J. Holwell
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1950
New York, NY 10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/28/07

Re: DEFENDANT'S PRE-MOTION HEARING REQUEST in *Morgan Stanley Mortgage Capital Holdings LLC, as Successor-in-Interest to Morgan Stanley Mortgage Capital, Inc, v Fremont Investment & Loan*, Case No. 07-CIV-9457 (S.D.N.Y.)

Dear Judge Holwell:

    On behalf of our client, Defendant Fremont Investment & Loan, we respectfully submit this letter in accordance with your Honor's Individual Practices Rule 3(A), requesting a pre-motion conference on Defendant's intent to file a motion to dismiss Plaintiff's Complaint in the above-referenced action under Federal Rules of Civil Procedure 12(b)(1), (6), and 17(a). As required in your Honor's Rule 3(A), this letter sets forth the basis for Defendant's anticipated motion. First, the Complaint should be dismissed for lack of standing, as Plaintiff does not allege that it owns the loans at issue. Further, depending on who owns the loans, the case may lack diversity jurisdiction. Second, the Complaint falls short of the pleading requirements, as it does not indicate how and to what effect Defendant allegedly breached the relevant agreements with respect to each loan at issue.

I.    **Fact Summary**[1]

    This lawsuit arises out of various Mortgage Loan Purchase and Warranties Agreements ("MLPWA") entered into between the parties. Complaint ¶ 1, 7. Under the MLPWAs, Defendant made certain representations and warranties with respect to each individual mortgage loan it sold to Plaintiff. Complaint ¶ 1, Exhibits A §9.02. With respect to any claimed breaches of representations and warranties that materially and adversely affect the value of the mortgage loan or Plaintiff's interest therein, the MLPWAs include a process for notification and remedy. Complaint ¶ 9, Exhibit A § 9.03. In this action, Plaintiff alleges, in a wholly conclusory manner, that "[s]ubsequent to purchasing the loans, [it] learned that hundreds of loans . . . were in breach of the representations

---

[1] This summary assumes the truthfulness of Plaintiff's allegations.

**PATTON BOGGS** LLP
ATTORNEYS AT LAW

Judge Richard J. Howell
December 13, 2007
Page 2

and warranties set forth in section 9 of the [agreement], which breaches materially and adversely affected the value of the applicable mortgage loans or the interest of [Plaintiff] therein." Complaint ¶ 16. Plaintiff does not allege that it currently owns the loans it bought under the MLPWAs.

## II. Rules 12(b)(1) and 17(a) Motion

Defendant's threshold motion addresses the fundamental issue of standing. Apparently, Plaintiff sold the loans it bought from Defendant to various securitization trusts under instruments such as the Assignment, Assumption and Recognition Agreement dated November 1, 2005 between Defendant ("Seller"), Plaintiff Morgan Stanley Mortgage Capital Inc. ("MSMCI") and Morgan Stanley Capital I Inc. ("Depositor"), and acknowledged by Wells Fargo Bank, N.A. ("Trustee"), which provided that:

- "MSMCI hereby sells, assigns and transfers to the Depositor all of its right, title and interest in the Specified Mortgage Loans and all rights related thereto as provided under the" MLPWA dated August 1, 2005, attached to Plaintiff's Complaint as Exhibit "B".

- "Depositor hereby sells, assigns and transfers to the Trustee, on behalf of the Trust, all of its right, title and interest in the Specified Mortgage Loans and all rights and obligations related thereto as provided under the" MLPWA dated August 1, 2005.

- "MSMCI and Seller shall note the transfer of the Specified Mortgage Loans to the Trustee [...] and shall recognize the Trustee, on behalf of the Trust [...] as the owner of the Specified Mortgage Loans."

- The "Assignment shall be binding upon [...] MSMCI and [its ...] successors and assigns."

Federal courts in Ohio have dismissed claims due to a plaintiff's failure to demonstrate loan ownership. *See in re Foreclosure Cases*, Case Nos. 1:07CV2282, *et. al* (N.D. Ohio Oct. 31, 2007); *In re Foreclosure Actions*, Case Nos. 1:07cv1007, *et. al* (N.D. Ohio Nov. 14, 2007). Further, the securitization of these loans raises questions with respect to this Court's diversity jurisdiction. *See e.g., LaSalle Bank Nat'l Assoc. v Nomura Asset Capital Corp.*, 180 F. Supp.2d 465, 470-71 (S.D.N.Y. 2001); *LaSalle Bank Nat'l Ass'n v Lehman Bros. Holdings, Inc.*, 237 F. Supp. 2d 618, 631-34 (D. Md. 2002). Defendant will work with Plaintiff to determine whether diversity jurisdiction exists, but, failing an agreement on that subject, Defendant requests the opportunity to brief the issue.

## III. Rule 12(b)(6) Motion

Plaintiff has failed to allege sufficient facts to put Defendant on notice of: (1) the alleged breaches of representations and warranties with respect to each of the individual loans; and (2) that each breach had a material and adverse effect on the value of the loan or Plaintiff's interest therein. Although Federal Rule of Civil Procedure 8(a)(2) requires that a pleading set forth "a short and plain statement of the claim showing the pleader is entitled to relief", this liberal pleading standard does not absolve Plaintiff of the responsibility to adequately plead its claims. As your Honor has noted, "[e]ven under this liberal pleading standard, plaintiff must disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is

**PATTON BOGGS LLP**
ATTORNEYS AT LAW

Judge Richard J. Howell
December 13, 2007
Page 3

a legal basis for recovery." *Malmsteen v. Berdon LLP*, 477 F. Supp. 2d 655, 666 (S.D.N.Y. 2007) (internal citations omitted); *see also OneBeacon Insur. Co. v. Forman Int'l, Ltd*, 2005 WL 100849, *6 (S.D.N.Y. 2005) (to give a defendant fair notice of a breach of contract claim, a plaintiff must properly allege the basic details of the claim, i.e. when the breach occurred, what the breach consisted of, and how or in what manner the breach occurred).

Plaintiff's Complaint admits that the repurchase obligation only arises with respect to any breach of representation and warranty "which materially and adversely affects the value of the applicable Mortgage Loan or the interest of MSMCI in the related Mortgage Loan." Complaint ¶ 9(b). In an action with a similar contractual provision requiring a material adverse effect prior to imposing a repurchase obligation, this Court found that "to state a claim plaintiff <u>must allege</u> two elements: (i) breach of a representation or warranty [...], and (ii) a material and adverse effect <u>caused by</u> the breach." *LaSalle Bank Nat'l Ass'n v. Citicorp Real Estate, Inc.*, No. 01 CIV. 4389(AGS), 2002 WL 181703, *3 (S.D.N.Y. Feb. 5, 2002) (emphasis added). Plaintiff's Complaint falls short of these requirements. This case involves Plaintiff's demand that Defendant repurchase two hundred and thirty one specific loans that allegedly breach one or more representations and warranties. However, Exhibit F to the Complaint – the only document that references the specific loans at issue – appears to contain only (1) the loan identification number; (2) the date Plaintiff purchased the loan; and (3) the date Plaintiff claims it gave notice of the breach of the representation. Nowhere does Plaintiff identify for each loan which representations and warranties it claims were breached, how such breaches occurred, or the material and adverse effect caused by each alleged breach. Remedying this defect would require Plaintiff, at a minimum, to add three more columns to Exhibit F providing this information. Defendant will consent to such an amendment, so this Court can determine – as other Courts in this district have – whether Plaintiff has alleged sufficient facts to support its claims. *See, e.g., id.*

Defendant submits that the Complaint warrants a motion to dismiss, and that the Court should grant such a motion if Plaintiff fails to cure the defects outlined above.

Sincerely,

Bryan L. Berson

Enclosures: Copies of cases not available on Westlaw or Lexis.

cc: Richard Edlin (via facsimile 212.801.6400 and overnight delivery)
Ann C. Turetsky
Greenberg Traurig LLP
200 Park Avenue
New York, NY 10166

> Application Granted. A telephonic pre-Motion conference shall be held on Friday, January 4, 2008 at 4:00 pm. The telephone number of chambers is 212-805.0256
>
> SO ORDERED:
> Date: 12/27/07
> Richard J. Howell, U.S.D.J.

957